UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHY MILES,

                                   Plaintiff,

                                                                    DECISION AND ORDER

                                                                    12-CV-6063L

                 v.

CORNING INC. LONG TERM DISABILITY PLAN,
CORNING BENEFITS COMMITTEE,

                                   Defendants.
_____

## INTRODUCTION

        Plaintiff Kathy Miles, ("Miles"), a former employee of Corning Incorporated and a participant in the Corning Incorporated Long Term Disability Plan (the "Plan"), brings this action against the Plan and its administrators, claiming that her long term disability benefits payments were improperly and prematurely discontinued, pursuant to the Employee Retirement Income Security Act ("ERISA") and the Plan terms.  Count I of the Amended Complaint seeks review of the denial of plaintiff's disability claim.  Count II seeks a declaratory judgment declaring that plaintiff is entitled to the benefits sought in Count I.  Count III seeks alternative equitable relief pursuant to ERISA §502(a)(3), "in the event that [the] Court determines that the 'arbitrary and capricious' standard of review applies to the benefit denial decision [that is the subject of Count I]."  (Dkt. #1 at ¶13).

        The defendants now move solely to dismiss Count III of the Amended Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6).  (Dkt. #13).  For the reasons set forth below, that motion is granted, and Count III is dismissed.

**DISCUSSION**

I.     **Defendants' Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II.    **Count III of the Amended Complaint**

The question posed on the instant motion is a narrow one: does the Amended Complaint sufficiently allege a cause of action for breach of fiduciary duty against the Plan administrator, the Corning Benefits Committee (the "Committee"), by virtue of its alleged failure to furnish plaintiff with a copy of the summary plan description ("Plan summary")? Plaintiff alleges that because she did not read the Plan summary, she was unaware of the "arbitrary and capricious" standard of review that it stated would apply to any decision by the Committee to deny benefits. Plaintiff contends that had she known that the "arbitrary and capricious" standard would be applied to the Committee's decisions, she would have stopped paying premiums on the Plan and would have sought "consumer-friendly" disability insurance which did not incorporate that standard, instead. She contends that she has been harmed by paying premiums for a Plan about which she had not been fully informed, and also seeks damages in the amount of "the value of coverage which does not designate the carrier or administrator as entity [sic] with 'sole and exclusive authority' to determine benefit questions." (Dkt. #15 at 13).

- 2 -

Section 502(a)(1)(b) of ERISA empowers a plan participant or beneficiary to bring a civil action to recover benefits due, enforce rights, or clarify rights to future benefits, which arise under ERISA-governed plans.  29 U.S.C. §1132(a)(1)(b).  Section 503(a)(3) permits plan participants, beneficiaries and fiduciaries to pursue equitable relief to enforce plan provisions and ERISA regulations where such relief is unavailable elsewhere.  29 U.S.C. §1132(a)(3).  Section 502(a)(3) relief is available only to obtain those categories of relief that were customarily available in equity. *See CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1878 (2011); *Wilkins v. Mason Tenders District Council Pension Fund*, 445 F.3d 572, 582 (2d Cir. 2006).  Here, the equitable remedy plaintiff purports to seek is a surcharge, based on defendants' alleged breach of fiduciary duty.[1]

In order to state a claim for surcharge under section 503(a)(3) stemming from a failure to provide a plan summary as required by 29 U.S.C. §1024(b)(1)(A), a plaintiff must plausibly allege: (1) that the Plan administrator had a fiduciary duty to the plaintiff; (2) that the fiduciary breached that duty; and (3) that "actual harm" resulted, which may take the form of detrimental reliance, unjust enrichment, or the "loss of a right protected by ERISA [such as] the failure to provide proper summary information, in violation of the statute" coupled with resulting damages.  *CIGNA Corp.*, 131 S. Ct. 1866 at 1881.  *See also D'Iorio v. Winebow, Inc.*, 2013 U.S. Dist. LEXIS 15207 at *22-*24 (E.D.N.Y. 2013) (denying motion to dismiss claim by plaintiff seeking surcharge remedy, where plaintiff plausibly alleged that her employer provided her with an inaccurate plan summary, causing plaintiff to make decisions concerning compensation and insurance that negatively impacted the

---

[1]  Plaintiff does not appear to allege entitlement to other equitable remedies, such as reformation and/or estoppel, nor are the allegations of Count III sufficient to demonstrate any potential entitlement to them.  *See generally D'Iorio*, 2013 U.S. Dist. LEXIS 15207 at *25 (noting that plaintiff who fails to allege extraordinary circumstances cannot seek estoppel remedy, and that plaintiff who fails to allege fraud or mistake cannot obtain reformation).

amount of available benefits).  Construing all inferences in plaintiff's favor, her allegations fail to plausibly allege actual harm.

Initially, I note that the Committee's failure to provide plaintiff with the Plan summary cannot, by itself, comprise sufficient harm to plaintiff to state a claim: rather, plaintiff must plausibly allege that the deprivation of a Plan summary resulted in a benefit to the Committee or damages to plaintiff – here, the loss of the opportunity to gain alternate insurance coverage and/or to appeal unfavorable decisions by plan administrators without their decision making being subject to any special deference.  *See Amara*, 131 S. Ct. 1866 at 1881 (actual harm may come from failure to provide proper summary information, where the lack of such information causes employees to make decisions, or rest on rights, in ways that "prove harmful" to them).  *See also Osberg v. Foot Locker, Inc.*, 2012 U.S. Dist. LEXIS 173880 at *16-*17 (S.D.N.Y. 2012) ("under *Amara*, deprivation of an accurate [plan summary] in itself is an insufficient harm – holding otherwise would subject plan administrators to strict liability on [plan summary] claims").

Insofar as the harm alleged by plaintiff goes beyond the mere denial of a Plan summary, it is entirely speculative.  First, for purposes of this motion, the Court accepts as true plaintiff's allegation that, had plaintiff been aware of the Plan's provision that an "arbitrary and capricious" standard would apply to the review of benefits decisions by the Committee, she would have stopped paying premiums under the Plan and sought "consumer-friendly" insurance with a standard of review more favorable to her.  However, connecting this factual allegation with the kind of damages alleged requires a series of prodigiously expansive conjectural leaps.  First, one must speculate that "consumer-friendly" coverage like that described by plaintiff exists, that plaintiff would have been eligible for it and successful in obtaining it prior to her injury, and that she would have paid all necessary premiums to establish her entitlement to its benefits.  It would further have to be assumed

that the "consumer-friendly" plan administrator would have made a disability determination that provided plaintiff with greater or more extended financial benefits than the Plan at issue, and that those benefits would not be subsumed by any cost differences between the two plans, or that in the event of an unfavorable determination by the "consumer-friendly" plan administrator, plaintiff's success in appealing it would have been guaranteed.

Simply put, the chain of factual assumptions required to connect plaintiff's allegations of breach of fiduciary duty with her alleged harm is so attenuated and speculative as to transport her claim outside the realm of plausibility.  I therefore I find that plaintiff has failed to sufficiently allege the actual harm required to sustain her breach of fiduciary duty claim.

While the Second Circuit has yet to apply *Amara* in factual circumstances similar to those presented here, two recent post-*Amara* cases from district courts in this Circuit are instructive.  In the matter of *D'Iorio v. Winebow, Inc.*, the district court for the Eastern District of New York declined to dismiss a "inaccurate plan summary" claim seeking a surcharge remedy, where the plaintiff plausibly alleged that her employer had affirmatively misrepresented the terms of its long-term disability insurance plan to its employees, and that she had relied on those misrepresentations to her detriment by failing to take steps, such as increasing her draw amount or purchasing supplemental insurance, that would have increased her coverage to an amount equivalent to that which the employer had misled plaintiff into believing she had in the first place.  2013 U.S. Dist. LEXIS 15207.

The actual harm alleged by plaintiff here is appreciably more tenuous than that alleged in *D'Iorio*, in which the injury to the plaintiff (diminished coverage) was both apparent and subject to reasonable calculation.  Here, plaintiff does not allege that her employer (as in *D'Iorio*) or her work community (as in *Amara*'s dicta concerning reliance on "fellow employees" for plan information)

misinformed her about the Plan.  Rather, she alleges that the deprivation of a Plan summary caused her to unilaterally make certain mistaken assumptions, that her mistaken assumptions caused her not to seek or obtain insurance with a more favorable standard of review, and that had she been able to obtain such insurance, it might have provided her with a greater chance of appellate success than the Plan at issue, if the administrators of the alternative plan rendered a decision with regard to benefits, and in the event that their decision was unfavorable and was appealed by the plaintiff.

In contrast to *D'Iorio*, Miles does not merely allege that if the Plan summary had been provided to her, she would have acted differently: she also alleges that if she had known about the standard of review allegedly applicable to a denial of benefits under the Plan, that *others*, including the administrator of whatever "consumer-friendly" plan she would allegedly have obtained in the alternative, and/or whatever court of law might have reviewed an unfavorable decision by that administrator, would have acted differently, and in a way that provided plaintiff greater benefits than those she received under the Plan.

In this regard, the factual allegations of Count III of the Amended Complaint bear greater similarity to those discussed in the case of *Osberg v. Foot Locker, Inc*.  2012 U.S. Dist. LEXIS 173880 at *3-*4, *16-*17.  In *Osberg*, the district court for the Southern District of New York granted summary judgment to a plan administrator on a plan summary deprivation claim seeking surcharge, where the harm claimed by the plaintiff required the Court to "accept . . . various leaps of faith," and assume that if Osberg and other employees had been informed of certain negative changes to their insurance plan via an accurate plan summary, they would have rebelled and forced management to preserve the status quo, or else to adopt a different, more favorable plan.  *Id*.

As described above, the facts alleged by plaintiff with regard to her alleged harm incorporate a similarly elaborate set of assumptions.  They cannot, even if proved, provide any finder of fact with "a sound basis for approximating with reasonable certainty" whether a loss, and in what amount, occurred as a result of the defendants' actions.  *S&K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 852 (2d Cir. 1987).  As such, plaintiff has failed to plausibly allege that the Committee breached its fiduciary

duty to her in a manner that resulted in actual, non-speculative harm, and that claim is accordingly dismissed.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss Count III of the Amended Complaint (Dkt. #13) is granted, and that claim is dismissed.  Defendants are directed to file and serve their answer to the remainder of the Amended Complaint within twenty (20) days of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        June 5, 2013.